PETER SCHOONOVER, Plaintiff in Error, *v.* THOMAS CHRISTY, Defendant in Error.

### ERROR TO LA SALLE COUNTY COURT.

If a party contracts in writing to work for another a certain length of time, and afterwards to perform other work upon specified terms, for which he was to be compensated by a colt and a cow, if he refuses to perform, the other party may take him at his word, and the claim to the animals will be lost.

THIS is an action of assumpsit, commenced before a justice of the peace, and appealed to the La Salle County Court, and tried before COTTON, Judge.

In the County Court, the plaintiff, on the trial, introduced testimony tending to show that plaintiff commenced work on defendant's farm about the 9th day of March, 1855, and so continued to work until about the 9th day of April, 1855; that on or about the 9th day of April, 1855, plaintiff agreed to work for defendant until the 1st day of October, 1855. That defendant was to give plaintiff, for such labor, one sorrel horse or mare. That after the contract made on the 9th day of April, the plaintiff and defendant made a written contract or agreement, in which plaintiff agreed to work for defendant from the 1st day of April to the 1st day of October, 1855, and immediately after said 1st day of October, to commence hauling straw and manure for defendant, and to spread the same upon defendant's farm. That plaintiff was to haul and spread all the straw and manure around defendant's barn, and continue to haul and spread the same until it was finished. That for said work and labor the defendant was to give plaintiff one sorrel horse and one red cow. That plaintiff continued to work for defendant until about the 15th day of July, when plaintiff was taken ill and remained idle for about twenty-seven days. That after plaintiff recovered his health, he again commenced work for defendant, with the approbation of the defendant, and worked until about the 1st of October. That on or about the 10th day of October, the plaintiff offered to go on and work the number of days he had lost during his sickness. The defendant replied, that if the plaintiff would

go on and haul out the manure and straw, that he then might work the number of days he had lost by sickness. This the plaintiff absolutely refused to do. That plaintiff and defendant both signed the agreement, after it was read to the plaintiff. Plaintiff can read writing with difficulty. That something was said about dating the last agreement back to April 1st. That Christy agreed to the same, and that the first contract was to be destroyed.

The defendant then offered in testimony a written agreement, signed by plaintiff and defendant, and proved the execution of the same by one *Silas Morey*, who testified that he was present when the agreement was executed by the parties, that both plaintiff and defendant signed the same, which agreement is in the words and figures following, to wit:

APRIL THE 1ST, 1855.

AN ARTICLE OF AGREEMENT, Made and entered into this day, between Peter Schoonover and Thomas Christy. The said Christy doth agree to work for the said Schoonover, faithfully, from the day of this date until the first day of October next, and the said Christy then agrees to commence hauling manure by the job, as described. The said Schoonover agrees to furnish team and wagon, and find feed for the team. The said Christy agrees to take good care of the team, and board himself, and haul and spread all the manure on Schoonover's farm, including that which is under the barn, together with all the old straw piles on said farm; also, to help haul all the last year's straw unstacked—all to be neatly spread and drawn according to Schoonover's direction—for which the said Schoonover agrees to give the said Christy one large sorrel horse colt, one year old in June next, and one red cow, bought of Silas Morey, with her increase. The said Schoonover is to take good care of the same, without further responsibility. It is further understood the said Schoonover is to retain said stock until said labor is done.

SILAS MOREY.                                        PETER SCHOONOVER.
                                                   THOMAS CHRISTY.

That said Morey signed the contract at the request of the parties, as a witness. That said contract was made on or about the 17th day of April, 1855. The said agreement was read to plaintiff, and I think it was fully understood by him.

The defendant then showed another contract to witness Morey, who testified that he had seen the agreement before; saw it on the 9th day of April, 1855, the day on which it was made. It was signed by plaintiff and defendant. Said agreement is in the words and figures as follows, to wit:

APRIL THE 9TH, 1855.

MEMORANDUM OF AN AGREEMENT, Made and entered into this day, between Peter Schoonover and Thomas Christy. The said Christy agrees to work for the said Schoonover from this date, faithfully, until the first day of October next, for which the said Schoonover agrees to give the said Christy the sorrel colt, being a

horse colt, one year old in the month of June next. The said Schoonover agrees to take good care of the colt until said labor is performed.

In presence of                                                    PETER SCHOONOVER.
SILAS MOREY.                                                  THOMAS CHRISTY.

That the parties had this contract on the 17th day of April, when the first contract above mentioned was made. That Schoonover said, "Here is the old contract; it is of no use now; take it, do what you please with it." That Christy knew that the first contract was dated back to April; it was read to Christy as being made on the 1st day of April.

The court then instructed the jury, on the part of the plaintiff, as follows:

1st. If the jury believe, from the testimony, that the contract made on the 9th day of April, 1855, was the contract under which the work was done from the 9th day of April to the first day of October, 1855, and Schoonover refused to let plaintiff make up his lost time by work, he had a right to abandon the contract and sue the defendant in an action of assumpsit for his work, and recover what his work was worth.

The jury found a verdict for plaintiff, and thereupon defendant moved for a new trial. The court overruled the motion; to which ruling of the court the defendant then and there excepted. There was a judgment on the verdict in the court below for $81.36.

BUSHNELL & GRAY, for Plaintiff in Error.

A. W. CAVARLY, for Defendant in Error.

BREESE, J. All the facts and circumstances in this case concur in showing that the contract dated April 1st, 1855, though actually signed on the 17th, is the true contract between these parties; and as the defendant in error refused to comply with it, the plaintiff had a right to take him at his word, and to act on that refusal. His refusal destroys the claim he might have perfected to the cow and colt. *Fox* v. *Kitton,* 19 Ill. R. 519.

The first instruction, therefore, given in behalf of the defendant in error, was erroneous.

The judgment is reversed and the cause remanded.

*Judgment reversed.*